**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

STEPHANIE DEL CARMEN PEREIRA GIANNAREAS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

FRIENDS OF BYRON DONALDS PAC,

Defendant.
_______________________________________/

Case No. ________________

**CLASS ACTION**

JURY TRIAL DEMANDED

# CLASS ACTION COMPLAINT

Plaintiff Stephanie Del Carmen Pereira Giannareas ("Plaintiff"), individually and on behalf of all others similarly situated, brings this putative class action against Defendant Friends of Byron Donalds PAC ("Defendant") and, based upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and upon information and belief, supported by the investigation of counsel, as to all other matters, alleges as follows:

## NATURE OF THE ACTION

1. Friends of Byron Donalds PAC bombarded Plaintiff and others with unsolicited telephone calls (the "telephone communications") delivering a prerecorded message from Florida gubernatorial candidate Byron Donalds about the November 3, 2026 general election. Plaintiff never asked to be contacted. Plaintiff never consented. Defendant contacted Plaintiff anyway.

2. Defendant's conduct violates the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*

3. Defendant's unlawful conduct invaded Plaintiff's privacy, disrupted Plaintiff's daily life, and forced Plaintiff to investigate the source of the telephone communications and retain counsel to stop them.

4. Through this class action, Plaintiff seeks statutory damages and injunctive relief to compensate for Defendant's misconduct and to stop it from continuing.

## JURISDICTION AND VENUE

5. **Subject Matter Jurisdiction.** This Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331, as those claims arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

6. **Article III Standing.** Plaintiff has standing under Article III. In this Circuit, "calls placed in violation of the Telephone Consumer Protection Act are injuries in fact." *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1276 (11th Cir. 2019). A telephone call "intrudes upon the seclusion of the home, fully occupies the recipient's device for a period of time, and demands the recipient's immediate attention," and those injuries "are sufficiently concrete and particularized for Article III standing." *Id.* at 1270.

7. **Personal Jurisdiction.** This Court has personal jurisdiction over Defendant. Defendant maintains its principal place of business in this District and is subject to general personal jurisdiction here.

8. **Venue.** Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, where Plaintiff received Defendant's unlawful telephone communications. Venue is also proper because Defendant resides in this District.

**PARTIES**

9. Plaintiff Stephanie Del Carmen Pereira Giannareas is a natural person and, at all relevant times, was a resident of Orange County, Florida. At all relevant times, Plaintiff was the subscriber, owner, and sole customary user of the cellular telephone number ending in 7127 (the "Number") and was financially responsible for the Number. Plaintiff uses the Number as a personal, residential telephone line. The Number is assigned to a cellular telephone exchange service and is used by Plaintiff for personal, family, and household purposes, including in and around Plaintiff's home and as the primary means for friends and family to reach Plaintiff. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

10. Defendant Friends of Byron Donalds PAC is a political committee organized under the laws of Florida with its principal place of business in Naples, Florida. Defendant is in the business of operating as a political committee, registered with the Florida Division of Elections under account number 89043, that supports Byron Donalds's campaign for Governor of Florida. Defendant conducts business in

the State of Florida. Defendant's registered agent is Ryan Smith, located at 1555 Cristobal Drive, Tallahassee, Florida 32303.

**TCPA BACKGROUND**

11. In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, to curb abusive telemarketing practices that invade consumer privacy. Congress recognized that "[u]nrestricted telemarketing... can be an intrusive invasion of privacy," particularly through automated technologies like robocalls and text messages. Pub. L. No. 102-243, § 2(5) (1991). *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (noting TCPA's response to "voluminous consumer complaints about abuses of telephone technology").

12. The TCPA prohibits initiating any call—other than for emergency purposes or with prior express consent—using an artificial or prerecorded voice to a cellular telephone number. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1).

13. An entity can be vicariously liable under the TCPA for a call made on its behalf. The entity is deemed to have "initiated" the call. The FCC has stated that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act*, Declaratory Ruling, 23 FCC Rcd. 559, 565 ¶ 10 (2008); *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1121 (11th Cir. 2014) ("The 2008 FCC Ruling thus has the force of law[.]").

14. The TCPA provides statutory damages of $500 per violation, trebled to $1,500 for willful or knowing violations, and injunctive relief to halt ongoing misconduct. 47 U.S.C. § 227(b)(3), (c)(5).

## FACTUAL ALLEGATIONS

15. Plaintiff never gave prior express consent to receive the telephone communications from Defendant.

16. Defendant initiated or caused to be initiated unlawful telephone communications to Plaintiff's telephone number in violation of the TCPA.

17. The following are examples of the unlawful telephone communications Defendant initiated to Plaintiff's telephone number. These examples are not exhaustive. Upon information and belief, discovery will reveal additional unlawful telephone communications initiated by Defendant or on its behalf to Plaintiff and the putative class within the applicable limitations period.




18. The telephone communications identified Defendant as the responsible party.

19. The telephone communications were initiated from (850) 805-9528. Upon information and belief, that number is owned, controlled, or used by Defendant, or by a third party acting on Defendant's behalf, and Defendant, or someone acting on its behalf, used that number to initiate the telephone communications to Plaintiff. The prerecorded voicemail left from that number identified Defendant by name as the entity on whose behalf the call was placed.

20. Based on the investigation of Plaintiff's counsel, the telephone communications identified above were initiated by Defendant or on its behalf.

21. On October 12, 2026, at 3:05 p.m., Defendant called Plaintiff's cellular telephone number from (850) 805-9528 and left a prerecorded voicemail lasting approximately one minute and four seconds. The voicemail stated that it was "calling on behalf of" Defendant "with a special message from Florida Governor candidate" Byron Donalds "about the upcoming election on November 3rd," instructed the listener to "press one on your telephone keypad now to hear the message," and offered to "press 9 to be added to our do not call list."

22. Plaintiff never provided her telephone number to Defendant and never consented to receive calls from Defendant. The TCPA's prohibition on prerecorded calls to cellular telephones contains no exception for political calls.

23. Defendant's calls to Plaintiff contained an artificial or prerecorded voice. The voicemail was plainly prerecorded: (1) it was a scripted, one-way message lasting more than a minute that delivered a generic political message designed for en masse transmission; (2) it was impersonal and never identified Plaintiff by name or by any detail specific to Plaintiff; (3) it prompted the listener to "press one" to hear the message or to "press 9" to be added to a do-not-call list—keypad prompts that only an automated system can act on; and (4) the recording then repeated itself in a loop. *See Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10–11 (N.D. Ga. June 23, 2016) (recognizing that whether a message is prerecorded is "a clear-cut fact easily discernible to any lay person").

24. Defendant's unlawful telephone communications caused Plaintiff and the Class concrete injury and actual damages, including invasion of privacy, aggravation, annoyance, intrusion upon seclusion, wasted time, consumption of cellular phone battery and data, violation of statutory privacy rights, and disruption to daily life. Plaintiff received the telephone communications at inconvenient times, was forced to stop and check Plaintiff's phone to confirm they were not emergencies, and was compelled to investigate the source of the telephone communications and seek legal counsel to stop Defendant's conduct.

25. Upon information and belief, Defendant maintains and/or has access to outbound and inbound transmission reports for all telephone communications initiated for the purpose of delivering a prerecorded message from Florida gubernatorial candidate Byron Donalds about the November 3, 2026 general election, which show the dates, times, target telephone numbers, and content of each telephone communication made to Plaintiff and the Class members.

## CLASS ALLEGATIONS

26. Plaintiff brings this action individually and as a class action under Fed. R. Civ. P. 23(a) and (b)(3) on behalf of the following proposed Class:

> **TCPA Prerecorded Voice Class:** All persons in the United States who, from four years prior to the filing of this action through the date of class certification, (1) received one or more telephone calls on their cellular telephone number, (2) made by or on behalf of Defendant, (3) using an artificial or

prerecorded voice, including prerecorded voicemail messages.

27. Plaintiff reserves the right to expand or narrow the Class definition following discovery.

28. Excluded from the Class are: (1) Defendant and its officers, directors, agents, and employees; (2) members of their immediate families and their legal representatives, heirs, successors, or assigns; (3) any entity in which Defendant has or had a controlling interest; (4) any judicial officer presiding over this action and the members of his or her immediate family and judicial staff; and (5) all persons who properly request exclusion from the Class.

29. **Ascertainability.** The Class is defined by objective criteria, and its members can be identified from Defendant's and its vendors' call and text-message transmission records, dialing-platform records, customer-relationship-management data, and carrier records.

30. **Numerosity.** The exact number of Class members is unknown to Plaintiff at this time but is ascertainable through Defendant's business records. Upon information and belief, each Class contains at least 40 members. Mass communication programs like Defendant's are designed to reach large numbers of consumers at once. Joinder of all Class members is impracticable.

31. **Commonality and Predominance.** This case is driven by Defendant's uniform conduct—the same communications program, the same equipment, and the

same disregard for the law—applied to every Class member. Common questions of law and fact predominate, including:

a. Whether Defendant used an artificial or prerecorded voice to make the telephone communications at issue;

b. Whether Defendant's conduct was knowing and/or willful;

c. Whether Plaintiff and the Class are entitled to statutory damages and the amount of such damages; and

d. Whether Defendant should be enjoined from further violations of law alleged herein.

32. **Typicality.** Plaintiff's claims are typical of the Class. Plaintiff and Class members were all subjected to the same communications program, using the same equipment, through the same methods, in violation of the same statutes. Plaintiff's claims arise from the same course of conduct and are based on the same legal theories as those of every Class member. There are no defenses unique to Plaintiff.

33. **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests antagonistic to the Class and is committed to vigorously prosecuting this action. Plaintiff has retained counsel with substantial experience in TCPA class actions and consumer protection litigation, and the resources necessary to advance this case through trial or resolution.

34. **Superiority.** A class action is the superior method for adjudicating this controversy. The statutory damages available to each Class member—$500 to $1,500

per violation—are too modest to justify the cost of individual litigation. Without class treatment, Defendant's unlawful conduct would go largely unchecked, as most consumers lack the resources or incentive to bring individual claims. A class action also conserves judicial resources by resolving thousands of substantially identical claims in a single proceeding and eliminates the risk of inconsistent judgments—where, for example, one court might enjoin Defendant's conduct while another permits it to continue.

35. In addition to satisfying Fed. R. Civ. P. 23(a), Plaintiff satisfies Rule 23(b) because:

a. Defendant engaged in a uniform course of conduct toward the Class, making final injunctive and declaratory relief appropriate with respect to the Class as a whole under Rule 23(b)(2); and

b. Questions of law and fact common to the Class predominate over any individual questions, and a class action is superior to all other available methods for the fair and efficient adjudication of this controversy under Rule 23(b)(3). Common questions—including whether Defendant obtained prior express consent, and whether Defendant's violations were willful—can be resolved with common proof, while no individual question threatens to overwhelm the litigation.

## CAUSES OF ACTION

## COUNT 1

## Violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

## (On Behalf of Plaintiff and the TCPA Prerecorded Voice Class)

36. Plaintiff incorporates by reference and realleges the preceding paragraphs as though fully set forth herein.

37. The TCPA and its implementing regulations prohibit initiating any call to a cellular telephone number using an artificial or prerecorded voice without prior express consent. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1).

38. Defendant—or third parties acting on Defendant's behalf—initiated telephone communications to the cellular telephone numbers of Plaintiff and the Class using an artificial or prerecorded voice.

39. Defendant did not have prior express consent to initiate the telephone communications to Plaintiff or the Class.

40. Defendant's conduct violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(1).

41. As a result of Defendant's violations, Plaintiff and the Class suffered concrete harm, including invasion of privacy, aggravation, annoyance, intrusion upon seclusion, and disruption to daily life.

42. Defendant's violations were willful or knowing. Defendant made a deliberate decision to deliver its messages through an artificial or prerecorded voice

rather than a live representative, knew or should have known that it had no consent to contact Plaintiff or the Class in this manner, and knew or should have known that its conduct violated federal law.

43. Plaintiff and the Class are entitled to:

a. An injunction prohibiting Defendant from continuing to violate the TCPA. 47 U.S.C. § 227(b)(3)(A);

b. Statutory damages of $500 per violation. 47 U.S.C. § 227(b)(3)(B); and

c. Treble damages of $1,500 per violation for Defendant's willful or knowing violations. 47 U.S.C. § 227(b)(3)(C).

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant immediately implement a litigation hold and take affirmative steps to preserve all documents, records, and electronically stored information ("ESI") relevant to the claims and defenses in this action, including but not limited to:

a. All call logs, text message transmission records, and voicemail records reflecting telephone communications initiated to Plaintiff, the putative Class members, or any consumer during the relevant time period, including the originating number, recipient number, date, time, duration, and content of each communication;

b. All records identifying the equipment, software, platform, or system used to initiate the telephone communications at issue, including vendor contracts, platform dashboards, configuration settings, and technical documentation;

c. All records of prior express consent or prior express written consent on which Defendant relies, including the date, time, method, and content of any purported consent and the identity of any third party from whom such consent was obtained;

d. All internal do-not-call lists, opt-out logs, suppression lists, and records of consumer requests to stop receiving telephone communications, together with any written policies, training materials, or procedures related to Defendant's do-not-call compliance;

e. All account notes, messaging materials, scripts, templates, and campaign records associated with the telephone communications at issue;

f. All records in the possession, custody, or control of any vendor, messaging platform, service provider, or other third party that Defendant contracted, hired, or directed to assist in initiating the telephone communications at issue; and

g. All communications, whether internal or with third parties, concerning the telephone communications at issue, consumer

complaints, or compliance with the TCPA or any other applicable telephone-communications law.

Defendant is on notice that spoliation of any such evidence may result in an adverse inference instruction, sanctions, or other appropriate relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, respectfully requests that this Court enter judgment against Defendant and award the following relief:

A. An order certifying the Class as defined herein, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel pursuant to Fed. R. Civ. P. 23;

B. A permanent injunction prohibiting Defendant from further violations of the TCPA and its implementing regulations;

C. Statutory damages of $500 per violation of 47 U.S.C. § 227(b)(1)(A)(iii), trebled to $1,500 per violation for Defendant's willful or knowing conduct, pursuant to 47 U.S.C. § 227(b)(3);

D. Reasonable attorneys' fees;

E. Costs of this action;

F. Pre-judgment and post-judgment interest as permitted by law; and

G. Such other and further relief as this Court deems just and proper.

Dated: October 22, 2026 Respectfully submitted,

*/s/ Christopher Gold*

Christopher Gold, Esq.
Florida Bar No. 088733
**GOLD LAW, P.A.**
350 Lincoln Road, 2nd Floor
Miami Beach, FL 33139
Telephone: (305) 900-4653
Email: chris@chrisgoldlaw.com

*Lead Counsel for Plaintiff*
*and the Proposed Class*